IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE ROCK MONTESSORI ELEMENTARY SCHOOL OF THE GOOD SAMARITAN, INC. d/b/a WHITE ROCK MONTESSORI, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-CV-0572-K |
| JESSICA BROWN WILSON, as Next Friend to G.E.W. and DOES 1-100, | § § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Jessica Brown Wilson's Notice of Removal (Doc. No. 1).  Defendant removed this case to federal court on the basis of federal question jurisdiction.  After reviewing the Notice of Removal, the Court *sua sponte* questions whether removal is proper.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).  Because the Court concludes it lacks subject matter jurisdiction, the Court must **REMAND** this case.  *See* 28 U.S. § 1447(c).

ORDER – PAGE 1

A federal court has no power to adjudicate claims where subject matter jurisdiction does not exist and, consequently, must dismiss the action. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see* FED. R. CIV. P. 12(h)(3). The Court has an obligation to examine its subject matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990); *see also Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). "If at any time before a final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S. § 1447(c).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). Federal courts have limited jurisdiction and generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See id.* §§ 1331 & 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). The removing party bears the burden of establishing that federal jurisdiction exists. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

ORDER – PAGE 2

Defendant removed this case on the basis of federal question jurisdiction. (Defendant's Notice of Removal does not allege diversity jurisdiction and the removal record does not provide any basis for finding diversity jurisdiction exists.)  Federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotations omitted).  "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'"  *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (internal quotation omitted).  "[T]here is generally no federal jurisdiction if the plaintiff properly pleads on a state law cause of action." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).

ORDER – PAGE 3

Defendant states, "Removal is proper because the counterclaims present federal questions."  *See* Def.'s Notice of Removal (Doc. No. 1), § 6.  Defendant provides no further explanation or allegations.  Notably, Defendant fails to identify the relevant state court document or even provide a citation to the attached removal documents.  Nor does Defendant even identify the alleged federal questions raised.  Instead, the Court was left to sift through a single 99-page exhibit, with no index, of every state court document that Defendant attached to her Notice of Removal.  For this reason alone, the Court concludes Defendant wholly failed to carry her burden of establishing federal question jurisdiction exists under 28 U.S.C. § 1331 and the case must be remanded because the Court lacks subject matter jurisdiction.  *See Miller*, 275 F.3d at 417.

Even upon reviewing the attached state court documents, the Court finds Defendant fails to meet her burden.  Defendant's Original Answer, filed in state court on December 23, 2019, contains no counterclaims.  Continued review of the 99-page Exhibit A lead the Court to "Class Action Counterclaim Against White Rock Montessori", the very last document beginning on page 86.  In this "Class Action Counterclaim", Defendant, as next friend to G.E.W. and Does 1-100, asserts "counterclaims" against Plaintiff for violations of Title IX, the Equal Protection Clause of the 14th Amendment, and Section 1983.  (It does not appear from the removal

ORDER – PAGE 4

documents that this "Class Action Counterclaim" was filed in the state court action before removal.)

It is well-established that a counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for removal purposes.  *See Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 . . ., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); *Jefferson County, Ala. v. Acker,* 527 U.S. 423, 430 (1999); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987); *Stump v. Potts,* 322 F. App'x 379, 380 (5th Cir. 2009); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326-27 (5th Cir. 1998) ("[T]he federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system.  It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.").

Defendant did not allege, must less show, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in Plaintiff's single state law claim for breach of contract. Moreover, the Court's review of Plaintiff's First Amended Petition reveals no allegations to support federal question jurisdiction. The sole basis for Defendant's removal of this state court action to federal court is her "Class Action Counterclaim". *See* Def.'s Notice of Removal (Doc. 1), ¶ 6. Defendant has a mistaken understanding of federal jurisdiction in contending that this Court has subject matter jurisdiction over a state law breach of contract action because she asserts a "Class Action Counterclaim" claiming federally protected rights. *See Vaden*, 556 U.S. at 60-62. Simply raising a counterclaim in response to Plaintiff's lawsuit does not confer federal question jurisdiction on this Court for purposes of removal. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action."); *Stump*, 322 F. App'x at 380 ("The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action."). Defendant makes no showing, nor can she based on Plaintiff's First Amended Petition as it stood at time of

removal, that a federal right is an essential element of Plaintiff's breach of contract claim.  *See Medina*, 238 F.3d at 680; *see also Metro Ford Truck Sales*, 145 F.3d at 327.

Federal courts have "a continuing obligation to examine the basis for their jurisdiction."  *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may raise the jurisdictional issue *sua sponte* at any time.  *Id*.  Defendant does not carry her burden to show that this Court has subject matter jurisdiction.  28 U.S.C. §§ 1331, 1441(a).  Because the Court lacks subject matter jurisdiction, this case must be remanded.  *Id.* § 1447(c).  This case is  hereby **remanded** to the 44th Judicial District Court, Dallas County, Texas.

**SO ORDERED.**

Signed March 6th, 2020.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE